IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JESSE CLEMONS PLAINTIFF

v. CIVIL ACTION NO. 3:25-CV-278-SA-RP

DONALD L. LARRENAGA,
CHRISTOPHER L. SANCHEZ,
ABSOLUTE BEAUTY SOLUTIONS PHX, LLC, and
JOHN DOES 1-10 DEFENDANTS

ORDER DIRECTING RESPONSE

On July 30, 2025, Jesse Clemons filed his Complaint [2] in the Circuit Court of Lafayette County, Mississippi, alleging a violation of the Mississippi Securities Act, among other claims, against Christopher L. Sanchez, Donald L. Larrenaga, Jay B. Hollenbeck, and Absolute Beauty Solutions PHX, LLC.[1] On September 15, 2025, the case was removed to this Court. *See* [1]. After they failed to appear or otherwise defend, the Clerk of Court entered default against Absolute Beauty Solutions PHX, LLC and Larrenaga. *See* [13, 52]. Now, Clemons has filed a Motion for Default Judgment [56] as to both of those Defendants.

On June, 26, 2026, Larrenaga filed a Motion to Set Aside Default [63]. In his Memorandum [64], he notes, among other things, that this Court lacks personal jurisdiction over him and that, if the default is set aside, he intends to seek dismissal on that basis.

The Fifth Circuit has held that a judgment entered without personal jurisdiction is void and that "a district court has the duty to assure that it has the power to enter a valid default judgment." *LMC Properties, Inc. v. Prolink Roofing Sys., Inc.*, 2024 WL 4449421, at *6 (5th Cir. Oct. 9, 2024) (citing *Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 324 (5th Cir. 2001)); *see also Fagan v. Lawrence Nathan Assocs., Inc.*, 957 F. Supp. 2d 784, 791 (E.D. La.

---

[1] Clemons has since resolved his claims against Hollenbeck, who is no longer a party to this suit. *See* [62].

2013) ("A district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties before granting a motion for a default judgment.") (citations and quotation marks omitted).

"A federal court sitting in diversity may exercise personal jurisdiction over a foreign defendant if (1) the long-arm statute of the forum state creates personal jurisdiction over the defendant; and (2) the exercise of personal jurisdiction is consistent with the due process guarantees of the United States Constitution." *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010) (citing *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999)). "[D]ue process requires only that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Estate of Jones v. Phillips ex rel. Phillips*, 992 So.2d 1131, 1139 (Miss. 2008) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945)). Importantly, "[t]he party invoking the court's jurisdiction bears the burden of establishing that a defendant has the requisite minimum contacts with the forum state to justify the court's jurisdiction." *Herman v. Cataphora, Inc.*, 730 F.3d 460, 464 (5th Cir. 2013).

Clemons alleges claims against Donald L. Larrenaga and Absolute Solutions PHX, LLC, both citizens of Texas, for an alleged fraudulent investment deal in Arizona. The Complaint [2] alleges no facts that independently suggest the existence of personal jurisdiction as to those two Defendants in this forum. As such, this Court has concerns as to whether it possesses the authority to enter a valid judgment against Absolute Beauty Solutions PHX, LLC and/or Larrenaga.

In light of this concern, the Court hereby provides Clemons an opportunity to submit a Response alleging the facts that he contends support the existence of personal jurisdiction over

those two Defendants. Clemons shall have 14 days from today's date to do so. Should Clemons fail to respond, the Court will dismiss the action as to Absolute Beauty Solutions PHX, LLC and Larrenaga without further notice.

SO ORDERED, this the 17th day of August, 2026.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE