IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JESSE CLEMONS PLAINTIFF

v. CIVIL ACTION NO. 3:25-CV-278-SA-RP

DONALD L. LARRENAGA, CHRISTOPHER SANCHEZ, ABSOLUTE BEAUTY SOLUTIONS PHX, LLC, and JOHN DOES 1-10 DEFENDANTS

ORDER

This litigation stems from an allegedly fraudulent investment deal. Two of the Defendants—Donald L. Larrenaga and Absolute Beauty Solutions PHX, LLC ("ABS")—are currently in default. On February 12, 2026, Clemons filed a Motion for Default Judgment [56] as to those Defendants.[1] The Court is prepared to rule.

*Relevant Background*[2]

Clemons is a businessman and real estate investor based in Oxford, Mississippi. Christopher Sanchez—who is a Defendant in this case but not the subject of the present Motions [56, 63]—is a mortgage broker based in Colorado who is also a licensed mortgage lender in Mississippi. Clemons and Sanchez knew each from their time at the University of Mississippi, and Clemons used Sanchez as a mortgage broker on multiple properties he purchased, including residential homes in Lafayette County, Mississippi.

In the spring or summer of 2024, Clemons entered into a real estate investment contract for a property located in Nashville, Tennessee. To finance the property, Clemons spoke with a non-

[1] Larrenaga has since filed a Motion to Set Aside Default [63].

[2] In a previous Order and Memorandum Opinion [69] entered on July 28, 2026, the Court set forth many of the relevant facts. A significant portion of the factual background as framed in this Order mirrors the Court's previous recitation.

party mortgage broker whose bank required a 25% downpayment on the property. Clemons then reached out to Sanchez to seek advice on the property and loan rate.

At that point, Sanchez recommended to Clemons that he cancel the contract and, instead, invest in a health spa that would be managed by Sanchez's father, Donald Larrenaga. Initially, Clemons expressed concern about cancelling the contract and losing his earnest money, but Sanchez told him that he could produce a financing denial letter, which would allow Clemons to void the contract and recoup his earnest money. That is precisely what occurred. Clemons alleges that he later learned that Sanchez used a stale credit report to produce the denial letter.

After cancelling the contract, Clemons, through Sanchez's facilitation, received an investment presentation seeking a capital investment in Absolute Beauty Solutions ("ABS"), a health spa focusing on weight loss. The proposal outlined the staff, business concepts, and previously opened locations. Sanchez and Larrenaga offered Clemons the opportunity to be the last investor for a new ABS location in Phoenix, Arizona set to open in July of 2024. Ultimately, Clemons invested $112,500 and received 15 (out of 100) Membership Certificates of "Absolute Beauty Solutions Phoenix LLC, a Texas Corporation." The effective date of the Purchase Agreement was May 15, 2024.

In October of 2024, Clemons attempted to communicate with Larrenaga to coordinate a visit to the Phoenix ABS spa. On multiple occasions, Larrenaga either failed to respond or made an excuse as to why Clemons could not visit the spa at the requested times. In February 2025, Larrenaga informed Clemons that the business would not fulfill its prior promise to pay for his travel and lodging to visit the spa.

At this point, Clemons became concerned about his investment. On February 18, 2025, Clemons requested various financial records and dates when he could potentially visit the business.

Larrenaga initially did not respond but eventually promised that the Operations/Business Manager for ABS, Jay Hollenbeck, would provide Clemons with a profit and loss statement.

On March 3, 2025, after failing to receive the profit and loss statement, Clemons, by way of counsel, sent a demand letter to Hollenbeck to produce the statement. On March 17, 2025, Hollenbeck sent the statement. Upon review, Clemons identified numerous issues and discovered that he had been sold a stake in a fictious business. On March 24, 2025, Clemons sent a letter, through counsel, to Larrenaga demanding his money back.

This litigation followed. On July 30, 2025, Clemons filed suit against Larrenaga, Hollenbeck, Sanchez, and ABS in the Circuit Court of Lafayette County, Mississippi. On September 15, 2025, Hollenbeck timely filed a Notice of Removal [1].[3] ABS was served with process on August 15, 2025, and the Clerk of Court entered default against it on October 21, 2025 after it failed to appear or otherwise defend. *See* [13].

Effectuating service of process on Larrenaga proved difficult for Clemons. In fact, on December 23, 2025, this Court entered an Order [48] extending Clemons' deadline to serve Larrenaga, as well as permitting Clemons to serve Larrenaga by email in accordance with Texas Rule of Civil Procedure 106(b)—the Rule in the state where Larrenaga was located. That same day, Clemons filed a Proof of Service [49] indicating that his counsel served Larrenaga via email at the email address authorized by this Court in its Order [48]. After Larrenaga took no action in the case, the Clerk of Court entered default against him on February 2, 2026. *See* [52].

[3] Clemons' claims against Hollenbeck have now been resolved, and he has been dismissed as a Defendant in this case. *See* [62]. Clemons' claim against ABS is not against "Absolute Beauty Solutions Phoenix, LLC, a Texas Corporation" which was the fictitious business. Instead, he named "Absolute Beauty Solutions, PHX, LLC, an Arizona Limited liability corporation" which he contends is the actual entity that Larrenaga formed.

On February 12, 2026, Clemons filed a Motion for Default Judgment [56], requesting that the Court enter a default judgment against both ABS and Larrenaga.

*Analysis*

"Pursuant to 'Rule 55 of the Federal Rules of Civil Procedure, federal courts have the authority to enter a default judgment against a defendant who has failed to plead or otherwise defend upon motion of the plaintiff.'" *Gaskill-Clayborn v. Mighty Oaks Child Development Cntr., LLC*, 2020 WL 8642296, at *1 (N.D. Miss. Nov. 23, 2020) (citing *J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015)). "[T]here are three steps to obtaining a default judgment: first, default by the defendant; second, entry of default; and third, entry of a default judgment." *Id.* (citing *Gray v. MYRM Holdings, L.L.C.*, 2012 WL 2562369, at *3 (W.D. Tex. June 28, 2012)).

The record indicates that the first two steps have been satisfied as to ABS and Larrenaga, as they are both in default and an entry of default has been entered against both of them.[4] That leaves only the third step—entry of a default judgment. On that point, "[t]o determine whether a default judgment should be entered, the Court conducts a three-question analysis: (1) 'whether the entry of default judgment is procedurally warranted;' (2) 'whether there is a sufficient basis in the pleadings for the judgment;' and (3) 'what form of relief, if any, the plaintiff should receive.'" *Id.* (citing *J & J Sports*, 126 F. Supp. 3d at 814).

Because it is dispositive at this time, the Court turns to the third prong—the relief Clemons should receive. He seeks a default judgment against Larrenaga and ABS in the total amount of

[4] The Court is cognizant that, in his Motion to Set Aside Default [63], Larrenaga contends that he is not in default because service of process upon him was deficient. But the Court need not resolve that issue at this time.

$139,615.15, consisting of $112,500.00 in actual damages, $26,099.50 in attorney's fees, and $1,015.65 in expenses.

In reviewing the Complaint [2], the Court can clearly discern the basis for Clemons' actual damages calculation. Concerning attorney's fees and expenses, attached to Clemons' Motion [56] is an affidavit executed by his counsel, Benjamin D. West, which provides:

> [Clemons'] attorney fees to date at $26,099.50 and expenses to date are $1,015.65 in this matter. The attorney fees of $26,099.50 represent 4.8 hours for attorney Milton D. Hobbs at the partner rate of $365 an hour; 51.7 hours for myself at the partner rate of $340 an hour; and 26 hours for attorney Walker Thomas at the associate rate of $200 an hour. The expenses represent filing fees, service attempts, and an investigation attempting to locate Defendant Donald Larrenaga.

[56], Ex. 2 at p. 1.

While the Mississippi Securities Act, one of the claims alleged in the Complaint [2], authorizes an award of reasonable attorney's fees, the attached affidavit does not provide an adequate basis for this Court to determine the reasonableness of the requested fees. *See* MISS. CODE ANN. § 75-71-509(b)(1) (authorizing, among other relief, "reasonable attorney's fees determined by the court"); *see also ABC Supply Co., Inc. v. All in One Renovations LLC*, 2025 WL 3022299, at *5 (N.D. Miss. Oct. 29, 2025) (citing *Weaver v. Ross*, 391 So. 3d 1240, 1248 (Miss. Ct. App. 2024)) ("An award of attorney's fees must be reasonable.").

"To calculate a reasonable fee award, courts use the lodestar method which entails using the number of hours reasonably expended on the litigation, multiplied by a reasonable hourly rate." ABC Supply Co., 2025 WL 3022299 at *5 (quoting *Tupelo Redevelopment Agency v. Gray Corp.*, 972 So. 2d 495, 521 (Miss. 2007)) (internal quotation marks and additional citation omitted). "Once the lodestar amount is determined, a court must consider the twelve factors articulated by

the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).” *Id.*

The attached affidavit provides insufficient information for the Court to meaningfully engage in the requisite analysis. The affidavit’s conclusory allegations leave this Court with no way to determine whether the number of hours expended by the attorneys was reasonable nor whether the requested rates are reasonable. For instance, the Court has not been provided time entries for the hours billed or any information as to the qualifications and experience of the billing attorneys. *See*, *e.g.*, *American Auto. Ass’n, Inc. v. AAA Auto Care*, 2024 WL 5150637, at *5-6 (N.D. Miss. Dec. 17, 2024) (analyzing reasonableness of attorney’s fees request in the context of default judgment after being provided supporting documentation). Without more, the Court cannot properly award Clemons attorney’s fees and therefore declines to enter a default judgment as requested.

*Conclusion*

The Motion for Default Judgment [56] is DENIED *without prejudice*. The Court will consider a renewed Motion providing adequate documentation. At this time, ABS and Larrenaga remain in default. The Court will take up Larrenaga’s Motion to Set Aside Default [63] in due course.

SO ORDERED this the 21st day of September, 2026.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE